**United States Court of Appeals**

FOR THE EIGHTH CIRCUIT

_____

No. 97-1709

_____

Jennifer Bosley, By and through   *
her Mother and Next Friend, and   *
individually,                             *  Appeal from the United States
                                              *  District Court for the
           Plaintiff - Appellant,   *  Western District of Missouri.
                                            *
    v.                                 *
                                          *
Kearney R-1 School District,     *
                                          *
           Defendant - Appellee.

_____

Submitted: December 8, 1997
          Filed: April 3, 1998

_____

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Jennifer Bosley (Jennifer) appeals the district court's[1] grant of judgment as a matter of law to the Kearney R-1 School District (the school district) following a jury verdict in favor of Jennifer on her Title IX student-on-student sexual harassment claim. Jennifer also appeals the district court's prior order granting summary judgment to the school district on her § 1983 claim. We affirm.

---

[1]The Honorable D. Brook Bartlett, Chief Judge, United States District Court for the Western District of Missouri.

The present lawsuit stems from events that occurred while Jennifer was a student at Kearney Elementary School and Kearney Intermediate School, schools in the Kearney R-1 School District. Viewing the facts in the light most favorable to the jury verdict, the following transpired. In the fall of 1991, when Jennifer was in the third grade, a boy riding on her school bus, Michael, was drawing pictures of naked girls. Jennifer's mother (Mrs. Bosley) complained to school officials about these drawings and talked to Joy Torgerson, Michael's principal. Mrs. Bosley testified that Torgerson told her that "boys will be boys," but that she would talk to Michael. (Trial Tr. at 309.) Also in the fall of 1991, a boy in Jennifer's class touched Jennifer on her bottom while the two were at recess. Jennifer told her third grade teacher, Cheryl Herndon, about this touching. Herndon immediately disciplined the boy, and the boy never again touched Jennifer inappropriately.

On March 4, 1992, while Jennifer was riding on the school bus, Michael took a hand drawn picture of a boy and a girl out of Jennifer's backpack and drew genitalia on the picture. He then passed the picture around the bus. The bus driver, Sandy Sproat, questioned Jennifer about the picture. Jennifer testified that she told Sproat that she had drawn only the outline of the bodies. Sproat testified that Jennifer told her the picture belonged to her and that she had drawn the entire picture. According to Sproat, Jennifer did not say that another student had drawn on any part of the picture. Sproat issued bus misconduct notices to both Jennifer and Michael for violating the school district's rules for riding the bus. This was Jennifer's third and Michael's fourth bus misconduct notices of the school year.

Jennifer's bus misconduct notice was sent to her elementary school principal, Richard Whitford. Jennifer testified that she told Whitford that she had not drawn the genitalia on the picture. Whitford claimed that Jennifer admitted drawing the entire picture. As punishment, Whitford made Jennifer miss recesses for three days.

When Jennifer brought the bus misconduct notice home for her mother's signature, her mother sent a message to Principal Whitford that Jennifer had not drawn the entire picture and that Michael had added the genitalia. Whitford then contacted Torgerson, the principal of the intermediate school Michael attended, and informed her of Mrs. Bosley's contentions. Torgerson then spoke with Sproat and Michael about the picture incident. Torgerson testified that Michael admitted he passed the picture around, but denied having drawn any part of it. Torgerson punished Michael by requiring him to miss one week of recess and serve one week on lunch duty. She also contacted his parents. Torgerson stated that this punishment was more appropriate than suspending Michael from riding the school bus, a possible punishment for a fourth bus misconduct notice, for two reasons. First, she believed a bus suspension was not an effective punishment for children Michael's age. Second, because Michael's parents worked, she was concerned that Michael may not attend school during any suspension period.

In September 1992, when she was in the fourth grade, Jennifer overheard boys on the school bus talking about sex and people having babies. Mrs. Bosley complained to Torgerson about this behavior. After an investigation, Torgerson determined that the boys had been making inappropriate remarks on the bus. She disciplined the boys by requiring them to ride in the front of the bus and by informing their parents of the inappropriate behavior. Torgerson then explained the situation to Mrs. Bosley. She also asked Mrs. Bosley to notify her if she had any further concerns or complaints. Mrs. Bosley did not inform Torgerson of any further concerns or complaints.

Torgerson also determined that additional adult riders should periodically ride the school bus to monitor the students' behavior. Adults, including Torgerson, rode the bus on numerous occasions. The school district met with bus drivers to discuss steps to take to improve student conduct on the bus. The school district also developed a system to give positive reinforcement to students who conducted themselves properly while riding on the bus.

In the early part of the 1992 school year, a boy riding with Jennifer on the school bus made inappropriate sexual remarks about Freddy Kruger, a fictional character in the horror movie "Friday the Thirteenth." Another student informed the bus driver about the remarks and the driver told the boy to stop and the boy then stopped making the inappropriate remarks. On another day during the 1992 school year, a boy on the bus directed inappropriate remarks about sex to a girl sitting next to Jennifer. On another occasion, a boy on Jennifer's bus told Jennifer and her brother, who was also riding the bus, that they were homosexuals. Jennifer testified that she "vaguely" remembered the bus driver telling the boy to stop and that the boy eventually stopped calling her a homosexual. (Trial Tr. at 34.)

Jennifer testified that early in the 1993-94 school year, when she was in the fifth grade, Justin, a fellow student, directed offensive remarks toward her about AIDS and sex while she was at recess. Jennifer told the principal about Justin's remarks. The principal talked to both Jennifer and Justin about the incident. Justin denied that he had made the offensive comments, but the principal believed Jennifer's account of the incident and disciplined Justin by giving him an in-school suspension, a punishment Jennifer admitted was severe.

Mrs. Bosley testified that, with the exception of the picture incident on March 4, 1992, all of the complaints that she had made to the school regarding alleged sexual harassment of her daughter were being taken care of by the school district. In October 1993, Mrs. Bosley removed Jennifer and her brother from the Kearney School District. Jennifer testified that she was often afraid and intimidated when she attended school in the Kearney district, but that she was much happier at the school she now attends.

Jennifer, by and through her mother, sued the school district asserting various causes of action, including claims under Title IX, 20 U.S.C. § 1681 (1994), and 42 U.S.C. § 1983 for violations of her federal statutory and constitutional rights arising from the school district's alleged discrimination against her for its failure to remedy and

prevent the sexual harassment of her by other students. The school district moved for summary judgment on all claims. The district court, in a published opinion, granted the school district summary judgment on Jennifer's § 1983 claim and other state law causes of action, but denied relief on Jennifer's Title IX claim, concluding that she had created a genuine issue of material fact regarding whether the school district reasonably and adequately responded to the sexual harassment complaints. Bosley v. Kearney R-1 Sch. Dist., 904 F. Supp. 1006, 1029 (W.D. Mo. 1995).

Jennifer's Title IX claim was then tried before a jury. The school district moved for judgment as a matter of law at the close of Jennifer's case, and the district court denied the motion. The school district again moved for judgment as a matter of law at the close of all evidence. The district court reserved ruling on this motion and submitted the case to the jury. The jury returned a verdict in favor of Jennifer for $5,000. The district court then granted the school district's motion for judgment as a matter of law, ruling that a jury could not reasonably conclude that the school district intentionally discriminated against Jennifer on the basis of her sex.

II

We initially stress what issues we do not resolve in this case. We need not and do not determine whether public school districts or public school officials may be held liable pursuant to Title IX for their failure to prevent or remedy student-on-student sexual harassment. We assume without deciding, for the purposes of this case only, that a school district may be held liable under Title IX for such harassment.[2] We

---

[2]The circuits that have addressed this issue are not in agreement. Compare Davis v. Monroe County Bd. of Educ., 120 F.2d 1390, 1406 (11th Cir. 1997) (en banc) (holding a school district may not be held liable for student-on-student sexual harassment under Title IX), petition for cert. filed, 66 U.S.L.W. 3387 (U.S. Nov. 19, 1997) (No. 97-843), with Doe v. University of Ill., Nos. 96-3511, 96-4148, 1998 WL 88341, at *8 (7th Cir. Mar. 3, 1998) (holding a public high school may be held liable for student-on-student sexual harassment under Title IX), Brzonkala v. Virginia Polytechnic Inst., 132 F.3d 949, 961 (4th Cir. 1997) (holding a public university may be held liable under Title IX for a student-on-student sexual assault), rehearing en banc granted, opinion vacated (4th Cir. Feb. 5, 1998), and Rowinsky v. Bryan Indep. Sch. Dist., 80 F.3d 1006, 1016 (5th Cir.) (holding a school district may be held liable under Title IX for student-on-student sexual harassment if the student demonstrates the school responded to claims differently based on sex), cert. denied, 117 S. Ct. 165 (1996).

therefore need not and do not determine what elements a plaintiff must prove in order to hold a school district liable in a Title IX student-on-student sexual harassment claim. We assume without deciding that the elements a plaintiff must prove for such a claim are those set forth in the jury instructions used in this case, which are not challenged on appeal.[3] We now address the parties' contentions on appeal.

---

[3]We note that we have held that the "knew or should have known" standard, used in Title VII sexual harassment cases to determine if an employer is liable for the sexual harassment of an employee, is also the standard used to determine whether a school district is liable for teacher-on-student sexual harassment. See Kinman v. Omaha Pub. Sch. Dist., 94 F.3d 463, 469 (8th Cir. 1996). The courts that recognize Title IX student-on-student sexual harassment claims have formulated various standards for determining if the educational institution should be held liable. At least one court requires that a plaintiff need only prove that the school "knew or should have known" of the student-on-student sexual harassment and failed to take prompt and appropriate remedial action. See Brzonkala, 132 F.3d at 960. Another court requires that the plaintiff prove that the school had actual knowledge of the harassment and that the school failed to take prompt, appropriate remedial action. See Doe, 1998 WL 88341, at *8. Other courts require the plaintiff to prove that the school knew of the harassment and intentionally failed to take corrective action because of the plaintiff's sex. See, e.g., Burrow v. Postville Comm. Sch. Dist., 929 F. Supp. 1193, 1205-06 (N.D. Iowa 1996). Still another court requires the plaintiff to prove that the school itself directly discriminated on the basis of sex—i.e., responded differently to complaints of harassment made by girls than to those made by boys. Rowinsky, 80 F.3d at 1016.

Jennifer argues that the district court erred in granting judgment as a matter of law in favor of the school district on her Title IX student-on-student sexual harassment claim after the jury returned a verdict in her favor. "We review de novo the district court's grant of judgment as a matter of law, viewing the facts and resolving any conflicts in the light most favorable to the jury verdict." Deneen v. Northwest Airlines, Inc., 132 F.3d 431, 439 (8th Cir. 1998).

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance . . . ." 20 U.S.C. § 1681(a) (1994). In Cannon v. University of Chicago, 441 U.S. 677, 709 (1979), the Supreme Court held that Title IX creates an implied private cause of action against a recipient of federal funds for discrimination on the basis of sex. In Franklin v. Gwinnett County Pub. Sch., 503 U.S. 60, 76 (1992), a case involving the sexual harassment and assault of a high school student by a teacher, the Court held that a remedy of money damages is available in a Title IX action.

Jennifer sought money damages for the school district's alleged discrimination against her in violation of Title IX for the school district's failure to remedy and prevent the sexual harassment of her by other students. The jury was instructed that in order to find for Jennifer on her Title IX student-on-student sexual harassment claim, it had to find the following. First, that Jennifer was subjected to conduct that "was directed at [Jennifer] because she is a female or affected [Jennifer's] educational environment because she is a female." (Appellant's App. at 15, Jury Instruction No. 12.) Second, that this conduct was unwelcome to Jennifer and was "sufficiently severe or persistent that a reasonable student in [Jennifer's] circumstances would believe that her educational environment was hostile or abusive." (Id. at 15-16.) Third, that as a result of this conduct Jennifer viewed the educational environment to be hostile or abusive.

(<u>Id.</u> at 16.)  Fourth, that the school district knew that Jennifer was being subjected to this conduct  and "intentionally failed to take appropriate action to end the conduct."  (<u>Id.</u>)  The jury was also instructed that the verdict must be for the school district unless the school district "intentionally treated [Jennifer] differently than other students because of her sex by intentionally allowing her to be subjected to a sexually hostile environment."  (<u>Id.</u> at 17, Jury Instruction No. 13.)  Jennifer does not claim that these instructions are erroneous and, as mentioned above, we assume, only for purposes of deciding this appeal, that they are proper.

Jennifer claims that there was sufficient evidence for the jury to reasonably find she had proven each of the elements listed above.  Specifically, she contends that there is sufficient evidence for the jury to draw a reasonable inference  that the school district intentionally treated her differently than other students because of her sex by intentionally allowing her to be subjected to a sexually hostile environment.  After carefully studying the record, we reject this contention.

Our review of the record convinces us that there is insufficient evidence to support the jury's verdict.  Jennifer simply failed to present any evidence from which a jury could reasonably conclude that "because of [Jennifer's] sex" the school district "intentionally allow[ed] her to be subjected to a sexually hostile environment" as required by the jury instructions.  (Appellant's App. at 17, Jury Instruction No. 13.)  The only evidence in the record even remotely showing that the school district treated Jennifer's complaints differently because she is female is Principal Torgerson's  statement to Mrs. Bosley that "boys will be boys." This statement, made in response to Mrs. Bosley's complaint about a boy drawing inappropriate pictures while on the school bus, was immediately followed by Torgerson's statement that she would talk to the boy who drew the inappropriate pictures.  In the circumstances of this case, Torgerson's "boys will be boys" statement cannot support a reasonable inference that the school district's actions in response to the complaints regarding the harassment of Jennifer were impermissibly motivated by Jennifer's sex.  <u>See Seamons v. Snow</u>, 84

F.3d 1226, 1233 (10th Cir. 1996) (holding "boys will be boys" statement by football coach was insufficient to show sex discrimination by school officials). The district court properly granted the school district's motion for judgment as a matter of law.

B.

Jennifer next argues that the district court erred in granting summary judgment to the school district on her § 1983 claim. The school district asserts that Jennifer's failure to designate the district court's summary judgment order in her notice of appeal requires this court to dismiss this claim for lack of jurisdiction, citing Federal Rule of Appellate Procedure 3(c). Jennifer made no response to the school district's jurisdictional argument in her reply brief. We agree with the school district and therefore do not reach this claim for lack of jurisdiction.

Jennifer's notice of appeal states, in its entirety, the following:

> Notice is hereby given that all plaintiffs hereby appeal to the United States Court of Appeals for the Eighth Circuit from the final Judgment entered on January 27, 1997 and the Order filed on January 24, 1997 (attached hereto respectively as exhibits "A" and "B").

(Appellant's App. at 80.) The January 27, 1997, judgment was the district court's judgment as a matter of law for the school district and the order of January 24, 1997, was the order granting the school district's motion for judgment as a matter of law.

Federal Rule of Appellate Procedure 3(c) provides that a notice of appeal "must designate the judgment, order, or part thereof appealed from." We have stated that this requirement "is more than a mere technicality, and that deficiencies therein may create a jurisdictional bar to an appeal." ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 189 (8th Cir. 1995) (citing Klaudt v. United States Dep't of Interior, 990 F.2d 409, 411 (8th Cir. 1993)). In Klaudt, the plaintiffs filed an eight-count

-9-

complaint. The district court dismissed five of the counts for failure to state a claim upon which relief could be granted. One year later, the district court dismissed the remaining claims for failure to exhaust administrative remedies. The plaintiffs specifically appealed this second order, but their notice of appeal failed to specifically state that they were appealing from the district court's first order. We held that although the rules of appellate procedure should be liberally construed, the omission from the notice of appeal of any reference to the first order was "more than a mere technical deficiency." Klaudt, 990 F.2d at 411. The omission created a "jurisdictional bar" to our consideration of the appellants' arguments regarding the first order. Id.

The present case is indistinguishable from Klaudt. Like the plaintiffs in Klaudt, Jennifer failed to provide any reference in her notice of appeal to the district court's order granting the school district summary judgment on Jennifer's § 1983 claim. This order, like the first order in Klaudt, is separate and distinct from the district court's subsequent post-trial order granting the school district judgment as a matter of law on Jennifer's Title IX claim. Therefore, we do not have jurisdiction to review the district court's order granting summary judgment to the school district on Jennifer's § 1983 claim.

III

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-10-