# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1119

_____

Chad Allen Beers,                            *
                                             *
          Appellant,                         *
                                             *      Appeal from the United States
     v.                                      *      District Court for the
                                             *      District of Nebraska.
Tammy Stockton,                              *
                                             *          [UNPUBLISHED]
          Appellee.                          *

_____

Submitted: December 6, 2000
     Filed: December 15, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.

_____

PER CURIAM.

     Chad Allen Beers, previously incarcerated at Lancaster County-City Jail (LCCJ),
appeals the District Court's[1] adverse grant of summary judgment in his 42 U.S.C. §
1983 conditions-of-confinement action against LCCJ Nurse Supervisor Tammy
Stockton. Beers alleged that, after Stockton received his medical records confirming
his need for certain anti-seizure and anti-depressant medications, she concealed the
records from the LCCJ physician, in violation of his Eighth Amendment rights; and that

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for
the District of Nebraska.

she also violated his Fourteenth Amendment right to privacy by releasing his medical information to others. After careful de novo review, see Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (standard of review), we affirm.

We agree with the District Court that Beers failed to demonstrate Stockton disregarded his medical needs. See id. (enumerating necessary elements of deliberate indifference claim). The evidence shows that shortly after Stockton received and reviewed the records at issue, they were duly noted on the clinic log sheet so they could be discussed with the LCCJ physician; that she did not attend the clinic meeting at which the records were to be discussed; and that she did not discover until months later that the LCCJ physician had been unaware of the records and thus had not reviewed them. Even on appeal, Beers's arguments amount to contentions that Stockton was negligent in failing to ensure physician review of the records. But mere negligence or medical malpractice is insufficient to establish a constitutional violation. See Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

Beers also failed to establish a jury question in his right-to-privacy claim. Given the circumstances surrounding Stockton's release of information to a nurse at another jail where Beers had been transferred–who sought the records after Beers made representations to her concerning what medications he was taking–a jury could not conclude that the release was made in bad faith or for reasons unrelated to the continuity of Beers's medical care and to prison security. Likewise, Stockton's release of medical information to LCCJ nonmedical personnel was related to penological concerns. Cf. Powell v. Schriver, 175 F.3d 107, 112-13 (2d Cir. 1999) (prison officials are permitted to impinge on confidentiality of previously undisclosed inmate medical information where actions are reasonably related to legitimate penological concerns). Thus, the District Court's November 1999 order granting summary judgment to Stockton was proper.

We lack jurisdiction to consider Beers's arguments as to the earlier December 1998 dismissal of his separate claims against LCCJ officers Melanie Koch and Connie Young.  See In re Gaines, 932 F.2d 729, 731 (8th Cir. 1991) (noting that even if neither party raises jurisdictional issues, "[e]very federal court has the inherent power to determine as a preliminary matter its own subject matter jurisdiction").  Beers's notice of appeal (NOA) through appointed counsel does not list the December 1998 order, and names only Stockton as "defendant" in the caption.  See Fed. R. App. P. 3(c)(1)(B) (requiring NOA to designate "judgment, order, or part thereof being appealed"); Bosley v. Kearney R-1 Sch. Dist., 140 F.3d 776, 781 (8th Cir. 1998) (noting that NOA requirement is "more than a mere technicality, and . . . deficiencies therein may create a jurisdictional bar to an appeal").  Although we have traditionally construed NOAs liberally, the appellant's intent to appeal the judgment in question must be apparent; here, in addition to the NOA's mention only of Stockton and the November 1999 order dismissing her, Beers's appeal information form indicates his intent to appeal only the November 1999 order.  See Berdella v. Delo, 972 F.2d 204, 207-08 (8th Cir. 1992) (holding court lacked jurisdiction to consider issue on appeal when intent to appeal that issue not apparent from NOA or procedural history of case).

Finally, we decline to consider Beers's ineffective-assistance-of-counsel argument, as he was not constitutionally entitled to representation.  See Bettis v. Delo, 14 F.3d 22, 24 (8th Cir. 1994).  We deny his motion to supplement the record because he has established no basis for granting it.  See Barry v. Barry, 78 F.3d 375, 379 (8th Cir. 1996).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.