# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3649

_____

Charles Chambers; Ola Chambers,     *
Administrators of the Estate of     *
Sidney Chambers, deceased,     *
    *
       Appellants,     *
    *
      v.     *    Appeal from the United States
    *    District Court for the
City of Fordyce, Arkansas; Joe     *    Eastern District of Arkansas.
Pennington, Chief of Police,     *
Individually, and in his official     *
capacity; Marvin Harrison, Officer,     *    [PUBLISHED]
Individually, and in his Official     *
Capacity; Jimmy Foreman, Officer,     *
Individually and in his Official     *
Capacity, originally sued as Tommy     *
Foreman,     *
    *
       Appellees.     *

_____

Submitted: November 12, 2007
Filed: November 29, 2007

_____

Before MURPHY, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Charles and Ola Chambers, the parents of Sidney Chambers and the co-administrators of his estate, appeal the district court's[1] denial of their Motion to Reopen Case and/or Relief for [sic] Judgment related to the 42 U.S.C. § 1983 claims they brought against the appellees based on excessive force in the shooting death of their son. We affirm the district court's Order denying the Motion to Reopen, and we dismiss the appeal for want of jurisdiction to the extent it raises issues related to the summary judgment granted to the City of Fordyce and to Chief of Police Joe Pennington.

Fordyce City Police Officer Jimmy Foreman approached Sidney Chambers and another individual as they walked down a Fordyce street late one night. When Officer Foreman asked the men their names, Sidney took off running, and Officer Foreman pursued him on foot. The events that transpired during the chase are disputed, but it ended when Officer Foreman shot Sidney point blank in the chest with his service revolver. Sidney died from his wound. Fordyce City Police Officer Marvin Harrison was the first officer on the scene following the shooting. The parties dispute whether Sidney pulled a gun from his pants during his struggle with Officer Foreman or whether the gun found near his body was planted there by Officer Harrison.

Sidney's parents, as co-administrators of his estate, brought a § 1983 claim and related pendant state law claims asserting excessive use of force against Officers Foreman and Harrison in both their individual and official capacities. They also brought claims for failure to train and supervise against Joe Pennington, Chief of Police of the Fordyce City Police Department, in both his individual and official capacities and against the City of Fordyce. The district court granted summary judgment to the City on all claims, to Pennington, Harrison, and Foreman on the official capacity claims, and to Pennington on his individual capacity claim in March

---

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

2002. The district court denied the Chambers' Motion for Relief from Partial Summary Judgment on March 7, 2003. The case proceeded against Harrison and Foreman in their individual capacities until the parties reached a settlement on those claims in July 2004. The district court entered an Order Granting Joint Motion to Dismiss with Prejudice as to Separate Defendants Marvin Harrison and Jimmy Foreman on July 2, 2004. The docket sheet entry for the July 2 Order states that "pltf's complt is dismissed; terminating case." (Dist. Ct. docket entry # 42.) The Chambers filed a Motion to Reopen Case and/or Relief for [sic] Judgment on August 16, 2004, asserting that the official capacity claims remained pending against Officers Harrison and Foreman. The district court denied the motion on September 23, 2004, finding that the official capacity claims had been dismissed with the 2002 summary judgment order. The Chambers filed a Notice of Appeal in the district court on October 25, 2004.

After this appeal was docketed, the appellees filed a Motion to Dismiss Appeal, arguing that the Notice of Appeal was untimely and we therefore lack jurisdiction over the appeal. Appellees are correct that "[f]iling requirements for appeals are mandatory and jurisdictional." Hable v. Pairolero, 915 F.2d 394, 394 (8th Cir. 1990). In fact, we have an independent duty to ensure that appellate jurisdiction exists. See Bilello v. Kum & Go, LLC., 374 F.3d 656, 659 (8th Cir. 2004). The merits of the Chambers' appeal brief address only the summary judgment order entered in favor of the City and Chief of Police Pennington in 2002. Consequently, there are actually two issues that potentially prevent us from exercising jurisdiction over those issues in this appeal: the timeliness of the Notice of Appeal and the effectiveness of the Notice of Appeal to reach the 2002 summary judgment order.

A notice of appeal must be filed "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Because the summary judgment order was not a final order under 28 U.S.C. § 1292, the Chambers had to await entry of final judgment before they could appeal that ruling. Greer v. St. Louis

Reg'l Med. Ctr., 258 F.3d 843, 846 (8th Cir. 2001) ("Review must await a final judgment disposing of all claims and, normally, attended by the formalities specified in Fed. R. Civ. P. 58.").

The district court's July 2, 2004, order dismissing the only remaining claims against Harrison and Foreman effectively ended the case and was therefore the final appealable order that could have started the appeal clock for all appealable orders in the case, including the 2002 summary judgment. See Union Pac. R.R. v. United Transp. Union, 3 F.3d 255, 258 (8th Cir. 1993) ("'A final decision under section 1291 generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (quoting Catlin v. United States, 324 U.S. 229, 233 (1945) (some internal marks omitted)). The Chambers did not file a notice of appeal until October 25, 2004, well over 30 days after entry of the July 2, 2004, final order. However, the district court did not enter judgment dismissing the case on a separate document as required by Federal Rule of Civil Procedure 58(a)(1). Thus, judgment was not "entered for purposes of . . . Rule 4(a) . . . [until] 150 days ha[d] run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a)," Fed. R. App. P. 4(a)(7)(A)(ii), and the appeal clock did not begin to run until November 29, 2004, at the end of the 150-day period. But see Fed. R. App. P. 4(a)(7)(B) ("A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a)(1) does not affect the validity of an appeal from that judgment or order."). The net effect of these rules is that the Notice of Appeal filed on October 25, 2004, was actually premature, but is still timely in relation to the July 2, 2004 final order. We therefore deny the Motion to Dismiss Appeal to the extent it relies on the assertion that the Notice of Appeal was untimely.

Although the Notice of Appeal was timely to reach the final order, and thus potentially the earlier partial summary judgment order, see Hawkins v. City of Farmington, 189 F.3d 695, 704 (8th Cir. 1999) (holding that a notice of appeal designating only the final judgment was effective to also appeal an earlier summary

-4-

judgment order given the circumstances of the case), a notice of appeal still must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). Like Rule 4, the Rule 3 requirements are jurisdictional. See Smith v. Barry, 502 U.S. 244, 248 (1992) ("Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal."); Bosley v. Kearney R-1 Sch. Dist., 140 F.3d 776, 781 (8th Cir. 1998) (notice of appeal specifically appealing a posttrial order granting judgment as a matter of law on one claim was insufficient to also appeal an earlier grant of summary judgment on a different claim not mentioned in the notice of appeal).

The October 25, 2004, Notice of Appeal specifically identified "the Final Judgment and Remedy Order entered in this action on the 23rd day of September, 2004." (Dist. Ct. docket entry # 49.) Although there is no document entitled "Final Judgment and Remedy Order," the notice clearly refers to the district court's September 23, 2004, order denying the Chambers' self-styled Motion to Reopen Case and/or Relief for [sic] Judgment filed on August 16, 2004. The August 16 motion does not specify the particular rule of federal civil procedure relied upon as the basis for the motion. Given the timing and the substance of the motion, it most closely resembles a Rule 60 motion for Relief from Judgment or Order. "An appeal from the denial of a Rule 60(b) motion does not raise the underlying judgment for our review but only the question of whether the district court abused its discretion in ruling on the Rule 60(b) motion." Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir.2005); see also Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 263 n.7 (1978) ("[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review."). Because the Notice of Appeal explicitly limits its reach to the Order Denying the Motion to Reopen, we are limited to reviewing that order, and we lack jurisdiction to review the district court's much earlier grant of summary judgment in favor of the City and Chief of Police Pennington.

On appeal, the Chambers' entire argument focuses on the summary judgment order entered in favor of the City and Chief of Police Pennington. They do not take issue with the district court's order denying their Motion to Reopen, which is limited to the issue of whether the official capacity claims against Harrison and Foreman were still pending following the settlement of the individual capacity claims. As a procedural matter, the official capacity claims against Harrison and Foreman were explicitly included in the earlier order granting summary judgment. (Dist. Ct. docket entry # 2, at 6.) Further, we generally do not address issues not briefed on appeal. See United States v. Darden, 70 F.3d 1507, 1524 (8th Cir. 1995) (addressing only the issues that were properly briefed), cert. denied, 517 U.S. 1149 (1996). In any event, we find no indication that the district court abused its discretion in denying the Motion to Reopen. See Sanders v. Clemco Indus., 862 F.2d 161, 164-65, 169-70 (8th Cir.1988) (construing postjudgment motion filed more than 10 days after entry of judgment under Rule 60(b); standard of review).

The appeal is dismissed in part for lack of jurisdiction to the extent it seeks to reach the 2002 summary judgment order, and the district court's order denying the Motion to Reopen is affirmed.

_____