# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2518

_____

In re: Erik Nielsen; Kathryn R Nielsen

*Debtor*s

------------------------------

Kathryn R Nielsen

*Appellant*

v.

ACS, Inc.; Educational Credit Management Corporation

*Appellee*s

------------------------------

In re: Erik Nielsen; Kathryn R Nielsen

*Debtor*s

------------------------------

Kathryn R Nielsen

*Appellant*

v.

Iowa Student Loan Liquidity Corporation; Educational Credit Management Corporation

*Appellee*s

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: January 21, 2014
Filed: February 10, 2014
[Unpublished]

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Petitioner Kathryn Nielsen appeals the Bankruptcy Appellate Panel's (BAP's) order dismissing as untimely her appeal of the bankruptcy court's May 24, 2013 order in an adversary proceeding. Nielsen filed her notice of appeal on June 9. Because we find no indication that the bankruptcy court filed a separate written judgment as required, see Fed. R. Bankr. P. 7058 (Fed. R. Civ. P. 58 applies in adversary proceedings); Fed. R. Civ. P. 58(a) (every judgment and amended judgment must be set out in separate document), we conclude that judgment on the May 24 order was not deemed to be "entered" until Monday, October 21, see Fed. R. Civ. P. 58(a)(c) (if separate document is required, judgment is deemed entered when judgment is set

forth in separate document, or 150 days have passed after entry of order, whichever occurs first); Drewes v. Vote (In re Vote), 276 F.3d 1024, 1026 (8th Cir. 2002) (standard of review). Thus, Nielsen's June 9 notice of appeal was timely as to the bankruptcy court's order. See Fed. R. Bankr. P. 8002(a) (petitioner must appeal order within 14 days after its entry); Fed. R. Bankr. P. 9006(a)(1) (rules for computing time period); cf. Chambers v. City of Fordyce, Ark., 508 F.3d 878, 880-81 (8th Cir. 2007) (per curiam) (where order disposing of case was not followed by entry of judgment in separate document as required, notice of appeal filed before expiration of 150 days was premature but still timely). Accordingly, we vacate the BAP's dismissal order, and remand to the BAP for further proceedings.

_____