# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1425
_____

Alfredo Rosillo,

*Plaintiff - Appellant*,

v.

Matt Holten,

*Defendant - Appellee,*

Jeff Ellis,

*Defendant.*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 20, 2015
Filed: March 24, 2016

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Alfredo Rosillo sued Matt Holten of the Austin Police Department and Jeff Ellis of the Mower County Sheriff's Office under 42 U.S.C. § 1983, alleging that they used

excessive force while taking Rosillo into custody. The district court[1] then entered several orders disposing of the case. Rosillo filed a notice of appeal, and he eventually filed a brief challenging only the district court's dismissal of the claim against Holten. The notice of appeal, however, specified that Rosillo was appealing only a different order in the case. We therefore lack jurisdiction to review the order that Rosillo now challenges.

The district court's first relevant order, entered on December 23, 2014, granted summary judgment for Holten and ordered him dismissed from the action. The case against Ellis continued, and the court ordered Rosillo and Ellis to submit briefing on whether Ellis was entitled to summary judgment. Before filing briefs, however, Rosillo and Ellis reached a settlement and stipulated to dismissal with prejudice of the claims against Ellis. Accordingly, on December 31, 2014, the court ordered the action dismissed with prejudice and entered a judgment of dismissal.

A few days later, pursuant to Federal Rule of Civil Procedure 60(a), the court vacated the order and judgment filed December 31, because those documents did not make clear that the stipulation that prompted the order did not involve Holten. In an order dated January 5, 2015, the court clarified that it approved the settlement between Rosillo and Ellis and dismissed Rosillo's claims against Ellis with prejudice. The court entered a judgment to that effect on the same date. The judgment reflected that the action between Rosillo and Ellis was dismissed with prejudice.

Because the voluntary dismissal of Rosillo's claims against Ellis under the settlement agreement left nothing for the district court to resolve, the district court's earlier grant of summary judgment for Holten became a final judgment. *Hope v. Klabal*, 457 F.3d 784, 790 (8th Cir. 2006). The district court never entered its

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

judgment in favor of Holten in a separate document, as directed by Federal Rule of Civil Procedure 58(a), but judgment for Holten was entered by operation of law 150 days after the order granting summary judgment was entered on the docket. Fed. R. Civ. P. 58(c)(2)(B).

Rosillo filed a notice of appeal, stating that he "appeal[s] from the January 5, 2015, Order [Doc. No. 38] and Judgment [Doc. No. 39] entered by the U.S. District Court for the District of Minnesota in their entirety." R. Doc. 40, at 1. His notice of appeal did not mention the order that he now seeks to appeal—the December 23 order granting summary judgment for Holten.

Where an appellant specifies one order of the district court in his notice of appeal, but fails to identify another, the notice is not sufficient to confer jurisdiction to review the unmentioned order. The governing rule of procedure specifies that a notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). While a notice of appeal that designates the final judgment in a case ordinarily will "bring up for review all of the previous rulings and orders that led up to and served as a predicate for that final judgment," *Greer v. St. Louis Reg'l Med. Ctr.*, 258 F.3d 843, 846 (8th Cir. 2001), a notice is construed differently where the appellant specifies a particular order to the exclusion of others. As we said in *Parkhill v. Minnesota Mutual Life Insurance Co.*, 286 F.3d 1051, 1058 (8th Cir. 2002), "a notice which manifests an appeal from a specific district court order or decision precludes an appellant from challenging an order or decision that he or she failed to identify in the notice." *Id.* at 1058-59. Where a district court dismisses one claim at an early stage of the case, and later enters an order and judgment dismissing a second claim, a notice of appeal that cites only the later order and judgment does not confer appellate jurisdiction to review the earlier order. *Bosley v. Kearney R-1 Sch. Dist.*, 140 F.3d 776, 781 (8th Cir. 1998); *see Klaudt v. U.S. Dep't of Interior*, 990 F.2d 409, 411 (8th Cir. 1993).

Rosillo's notice designated an appeal from the order and judgment dated January 5, 2015. Both referred only to the dismissal of Rosillo's claims against Ellis. Rosillo did not designate the order of December 23, which dismissed the claim against Holten. Rosillo relies on the notice's language that he appeals from the January 5 order and judgment "in their entirety," but the quoted language adds nothing to the documents designated. As the district court emphasized when it vacated the December 31 order and judgment and corrected them on January 5, the order and judgment that Rosillo designated resolved only his claims against Ellis.

For these reasons, we lack jurisdiction to review the district court's order granting Holten's motion for summary judgment. Rosillo has abandoned any challenge to the district court's order and judgment dismissing his claims against Ellis. We therefore affirm the judgment of the district court entered on January 5, 2015.

_____