# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2604
_____

Abu Bakr Ladd

*Plaintiff - Appellant*

v.

Paul Nocchiero, Individually and in his capacity as Board Secretary; Joseph Lehman, Individually and in his capacity as Sergeant; Jack Huelsmann, Individually and in his capacity as Deputy Commander; Daniel W. Isom, Individually and in his capacity as Captain; David Heath, Individually and in his capacity as Colonel; Joseph Mokwa, Individually and in his capacity as Chief of Police

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: June 14, 2016
Filed: June 17, 2016
[Unpublished]
_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Abu Bakr Ladd appeals after the District Court[1] granted summary judgment for defendants in his 42 U.S.C. § 1983 action. We affirm.

In 2003, Ladd's home was searched under the authority of a warrant obtained by Jeffrey Pickering, a detective with the St. Louis Metropolitan Police Department. Ladd was arrested on felon-in-possession charges, which were eventually dismissed. He filed a complaint with the police department's Internal Affairs Division (IAD) alleging that Pickering had lied on the search-warrant application about the existence of a confidential informant. The IAD determined that the complaint should be "not sustained," and the Board of Police Commissioners upheld the determination. During Ladd's subsequent civil rights action against Pickering and others, Ladd learned that the IAD investigation file had been destroyed. A jury eventually found that Pickering had lied in the warrant application and awarded damages to Ladd.

Meanwhile, Ladd filed the instant action raising numerous claims arising from his arrest, the IAD investigation, and the destruction of the IAD file. During the lengthy proceedings, the District Court entered multiple orders, as a result of which all defendants were dismissed except appellees, who had been involved in the IAD investigation. Only one claim remained, namely, that defendants had conspired to deny Ladd access to the courts in his prior lawsuit by destroying the IAD file. On June 25, 2015, the court granted defendants' motion for summary judgment on that claim. Ladd filed a notice of appeal designating "the final judgment . . . dated June 25, 2015, which granted the motion for summary judgement [sic] filed by Defendants David Heath, Jack Huelsmann, Daniel Isom, Joseph Lehman, Joseph Mokwa, and Paul Nocchiero entered in this action on the 25th day of June, 2015."

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

We agree with appellees that the only District Court ruling properly before us is the order granting summary judgment on the access-to-courts conspiracy claim. See Fed. R. App. P. 3(c)(1)(B); Rosillo v. Holten, 817 F.3d 595, 597 (8th Cir. 2016). And after reviewing the record, we conclude that the District Court did not err in granting summary judgment. See Joseph v. Allen, 712 F.3d 1222, 1225 (8th Cir. 2013) (standard of review). The record reflects that defendants were involved in varying degrees with the IAD investigation and that at some point after the investigation, an unknown person destroyed the IAD file in accordance with document-retention policy. But there are no facts suggesting that defendants reached an understanding to destroy the file, much less that they did so with an intent to thwart the prior lawsuit that Ladd had filed. See Bonenberger v. St. Louis Metro. Police Dep't, 810 F.3d 1103, 1109 (8th Cir. 2016); see also Mettler v. Whitledge, 165 F.3d 1197, 1206 (8th Cir. 1999) (affirming summary judgment for defendants on a conspiracy claim because the plaintiff produced no evidence to show that shortcomings in an internal law-enforcement investigation "were intentional, or that they arose from a conspiracy among the defendants").

We affirm the judgment of the District Court.

_____