# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-1406

_____

Teresa Manning, formerly known as Teresa R. Wagner

*Plaintiff - Appellant*

v.

Carolyn Jones, Dean, Iowa College of Law (in her official and individual capacities)

*Defendant - Appellee*

Gail B. Agrawal, Dean, Iowa College of Law (in her official and individual capacities)

*Defendant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 20, 2017
Filed: November 7, 2017

_____

Before LOKEN, ARNOLD, and SHEPHERD, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Teresa Manning repeatedly applied without success to teach legal analysis and writing at the University of Iowa College of Law. She contends that, during the

process attending her first application, an associate dean advised her not to tell the faculty, only one of whom was a registered Republican, that a conservative law school had once offered her a full-time teaching position. Manning's résumé, meanwhile, made plain her affiliation with conservative groups. Claiming that the dean of the College of Law had rejected her applications due to political discrimination in violation of the First Amendment, Manning sued the dean under 42 U.S.C § 1983.

This is our third pass at this case. *See Wagner v. Jones*, 664 F.3d 259 (8th Cir. 2011) (*Wagner I*); *Wagner v. Jones*, 758 F.3d 1030 (8th Cir. 2014) (*Wagner II*). After the second remand, Manning proceeded to trial before a jury, where the dean defended herself by asserting, among other things, that Manning's applications had been rejected on their merits. The jury found that Manning did not establish that the dean had discriminated against her on the basis of her politics, and the district court[1] denied her motion for a new trial. On appeal, Manning contests only the denial of her new-trial motion, and we affirm.

The routine failure of the appellant's main brief to cite the "parts of the record on which [she] relies," *see* Fed. R. App. P. 28(a)(8)(A), has considerably hampered our review of this case. We cannot tell whether the district court erred in a ruling if Manning does not direct us to a place in the record where we can find it, and so we consider only those contentions that include appropriate citations. *ASARCO, LLC v. Union Pac. R.R. Co.*, 762 F.3d 744, 753 (8th Cir. 2014). We review the denial of a motion for a new trial for a clear abuse of discretion, with the key question being whether a new trial is necessary to prevent a miscarriage of justice. *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 421 (8th Cir. 2017).

---

[1] The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Manning maintains that the district court misled the jury in its initial instructions when, in summarizing the case, it stated that the dean was going to argue that she was "obliged" to follow the faculty's hiring recommendation. Since Manning does not tell us where we can find the contested instruction in the record, we do not consider her argument. She maintains as well that the district court compounded its error when it did not cure it in its final instructions, but since we have declined to consider whether the initial instruction was error, we can hardly hold that the failure to correct that instruction was error. *Cf. United States v. York*, 830 F.2d 885, 889–90 (8th Cir. 1987) (per curiam). To the extent that Manning argues that the final instruction was erroneous, she neither quotes the language of that instruction, nor directs us to a place in the record it can be found. So we do not consider this argument, either.

We consider next Manning's assertion that the district court erred in ruling that the dean could argue that she was not ultimately responsible for the law school's hiring. According to Manning, the dean should have been barred from making that argument because during the oral argument of the second appeal the dean supposedly made a binding judicial admission of her responsibility, and because we decided the fact of her responsibility in our opinion resolving that appeal. Even if we were to construe this contention as directed at the denial of her new-trial motion, Manning does not identify where in the record the district court's ruling or rulings took place. So we decline to address her contention.

Were we to address the contention, it would still fail. Although the parties seem to agree generally on the wording of the alleged admission, their minimalist sketch of the circumstances in which it was made won't allow us to find that it had the formality or the conclusiveness that Manning ascribes to it. *Cf. Bannister v. Delo*, 100 F.3d 610, 622 n.12 (8th Cir. 1996). In deciding the second appeal, moreover, we could hardly have intended to usurp the jury's right to determine the factual issue of the dean's responsibility. We did indeed say that "[t]he record establishes that

-3-

although the College of Law uses a multifaceted process for receiving advice and consent from relevantly involved faculty and staff, . . . the Dean has final authority and responsibility for the exercise of the College's employment actions." *Wagner II*, 758 F.3d at 1032 n.1. But that statement was dictum only. The extent of the dean's authority was never in issue in that appeal, and, as we noted in deciding the first appeal, whether the dean "had the ability to hire [Manning] absent the faculty's vote is a genuine issue of material fact that the jury, not the court, should decide." *Wagner I*, 664 F.3d at 274–75.

Manning also maintains that she was entitled to judgment as a matter of law on her discrimination claim. But she did not raise this argument in her new-trial motion, and the district court did not decide it in denying the motion. Since Manning has appealed only the district court's denial of her motion, not the judgment entered upon the jury's verdict, we lack jurisdiction to hear this argument. *See Rosillo v. Holten*, 817 F.3d 595, 597 (8th Cir. 2016).

Manning challenges the district court's decision not to admit the dean's salary into evidence. Since Manning fails to tell us where the salary information and the decision as to its admissibility can be found in the record, we decline to address the issue. Her challenge to the district court's ruling not to admit an e-mail into evidence fares slightly better because she points us to the place in the record where the e-mail and the ruling can be found. But we do not have jurisdiction to decide this matter because Manning did not raise it in her new-trial motion, and the district court did not decide it in denying the motion. *See Rosillo*, 817 F.3d at 597.

A final assignment of error takes issue with the district court's decision not to instruct the jury on punitive damages. The issue is moot in light of the jury's verdict. *See Landscape Props., Inc. v. Vogel*, 46 F.3d 1416, 1426 (8th Cir. 1995).

Affirmed.

_____