# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 20-1032

———————————————————

F. Allan Midyett, M.D.

*Plaintiff - Appellant*

v.

Robert Wilkie, Secretary, Department of Veterans Affairs

*Defendant - Appellee*

—————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

—————————

Submitted: August 26, 2020
Filed: August 31, 2020
[Unpublished]

—————————

Before ERICKSON, STRAS, and KOBES, Circuit Judges.

—————————

PER CURIAM.

F. Allen Midyett appeals after the district court[1] dismissed his employment
discrimination action as barred by res judicata, based on the dismissals of his prior

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the
Western District of Arkansas.

employment discrimination suits related to the same events. The district court also denied his post-judgment motion under Federal Rule of Civil Procedure 60(b), in which Midyett asserted that res judicata was inapplicable because the dismissals of his prior suits were based on fraud.

Because the only order of the district court designated in Midyett's notice of appeal was the order denying his post-judgment motion, we conclude that the scope of this appeal is limited to review of that order; and we further conclude that there was no abuse of discretion in the denial of post-judgment relief. See Fed. R. App. P. 3(c)(1) (notice of appeal must, inter alia, designate judgment, order, or part thereof being appealed); Chambers v. City of Fordyce, Ark., 508 F.3d 878, 881-82 (8th Cir. 2007) (per curiam) (appeal from denial of Fed. R. Civ. P. 60(b) motion does not raise underlying judgment for review, but only question of whether district court abused its discretion in ruling on motion); E.F. Hutton & Co. v. Berns, 757 F.2d 215, 216-17 (8th Cir. 1985) (to prevail on Fed. R. Civ. P. 60(b) motion based on fraud, movant must establish by clear and convincing evidence that adverse party engaged in fraud or other misconduct that prevented movant from fully and fairly presenting his case).

Accordingly, we affirm. See 8th Cir. R. 47B. We also deny the motion filed by the Secretary of the Department of Veterans Affairs seeking to supplement the record.

_____