# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3360

_____

United States of America

*Plaintiff - Appellee*

v.

Matthew Barrett Robbins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 23, 2022
Filed: August 2, 2023

_____

Before LOKEN, BENTON, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Matthew Robbins was convicted of robbery affecting interstate commerce, 18 U.S.C. §§ 2, 1951(a), conspiracy to commit robbery affecting interstate commerce, 18 U.S.C. §§ 2, 1951(a), and using, carrying, and brandishing a firearm during a crime of violence resulting in murder, 18 U.S.C. §§ 2, 924(c), (j). Basically, the Government's theory was that a drug dealer was robbed and killed, and his body was

tossed into a burn pit behind Robbins's house. The district court[1] denied Robbins's motions for acquittal and a new trial, and we affirm.

## I.

We first turn to the district court's denial of acquittal, which we review *de novo*. *United States v. Matheny*, 42 F.4th 837, 842 (8th Cir. 2022). We view the evidence "in the light most favorable to the jury verdict and giv[e] the verdict the benefit of all reasonable inferences." *United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008). Reversal is appropriate "only if no reasonable jury could have found [Robbins] guilty beyond a reasonable doubt." *Id.*

Robbins argues that the Government did not prove beyond a reasonable doubt that he robbed James Booher, a drug dealer, of both methamphetamine and drug proceeds. We disagree.[2]

Robbins was convinced that Booher sold him bad methamphetamine. To get payback, plans were made to lure Booher to Robbins's house and rob him. On the day Booher disappeared, text messages suggested that he was supposed to bring methamphetamine and $150 to Robbins's house in exchange for sex with one of Robbins's associates.

Before Booher went to Robbins's house, he visited his ex-wife, who overheard a call with Robbins. When Robbins asked Booher if he had any methamphetamine, Booher's ex-wife watched Booher pull a bag of methamphetamine out of his pocket. Booher's ex-wife also saw Booher give her

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

[2]Because we conclude there was sufficient evidence Robbins robbed Booher of drug proceeds and methamphetamine, we need not consider whether the district court's jury instructions required the Government to prove both.

son $10 and leave her home with cash. As he was leaving, Booher told his ex-wife that "he was going to buy a hooker."

When Booher got to Robbins's house, he had baggies of methamphetamine. Booher and a couple of others then used methamphetamine together. Shortly after, Robbins arrived, angry and carrying a shotgun. A witness heard yelling coming from Robbins's living room and, moments later, a gunshot.[3] The next day, a different witness saw one of Robbins's associates with two bags of methamphetamine. When the witness asked what happened, Robbins implied that he and the associate had robbed someone of the methamphetamine. The witness also saw the associate and Robbins splitting up $140, which is the amount Booher would have had after giving his ex-wife's son $10.

All things considered, sufficient evidence supported findings that the robbery involved methamphetamine and drug proceeds. The evidence at trial showed that Booher was a drug dealer who sold methamphetamine and had no source of legitimate income. Robbins highlights some facts he suggests point the opposite way,[4] but we aren't convinced. The district court didn't err in denying acquittal. *See United States v. Williams*, 342 F.3d 350, 355 (4th Cir. 2003) (holding that sufficient evidence supported a finding that cash constituted drug proceeds where victim was a known drug dealer and had cash on his person).

---

[3]Soon after, Robbins's couch was taken to a backyard burn pit, Robbins's associate scrubbed blood off the walls, and Robbins was seen chopping something up and lugging a tub filled with garbage bags out his back door.

[4]Before getting to Robbins's house, Booher asked his supplier for more methamphetamine, but the supplier didn't have any to sell. At the time, Booher paid his supplier for previously fronted drugs. And the Government did not show that Robbins got drugs from another supplier before going to the house. According to Robbins, these facts support an inference that Booher did not have methamphetamine or drug proceeds at the time of the robbery.

## II.

We turn next to the district court's denial of Robbins's motion for a new trial, which we review for an abuse of discretion. *Manning v. Jones*, 875 F.3d 408, 410 (8th Cir. 2017).

Robbins first argues that the district court wrongly denied him a new trial because the verdict was against the weight of the evidence. On the facts discussed in Part II, the verdict was not against the weight of the evidence.

Robbins next challenges the admission of testimony. At trial, one expert testified that she found fragments in a burn pit at Robbins's home that she couldn't rule out as human. A different expert testified that she found male DNA in some fragments, but said it was inconclusive whether the DNA was Booher's.

Robbins says that the DNA and bone fragment evidence should not have been admitted. He argues that it was (1) irrelevant because it was inconclusive and unreliable and (2) unfairly prejudicial because it caused the jury to speculate that the DNA belonged to Booher. We disagree.

Robbins's concerns speak to the weight of the evidence, not its admissibility. The evidence was admissible because it advanced the Government's theory of the case—that Booher was killed during a robbery and his body was destroyed in a backyard burn pit. It also wasn't unfairly prejudicial, considering the evidence suggesting that Booher was murdered. *See generally United States v. Fechner*, 952 F.3d 954, 958 (8th Cir. 2020) ("Unfairly prejudicial evidence is so inflammatory on its face as to divert the jury's attention from the material issues in the trial.").

## III.

The judgment of the district court is affirmed.

_____