# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2226
_____

Fadhily Abubakari Mshihiri

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 11, 2014
Filed: May 29, 2014

_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Fadhily Abubakari Mshihiri, a native and citizen of Tanzania, seeks review of several different orders from the Board of Immigration Appeals ("BIA"). As to the claims over which we have jurisdiction, we find the BIA did not abuse its discretion.

# I. Background

Mshihiri entered the United States in 2003 on an F-1 student visa to attend the Minneapolis Community Technical College. That same year, Mshihiri married Hulda Jean, a U.S. citizen. Jean filed a Petition for Alien Relative form ("Form I-130"), but later withdrew it after admitting to the U.S. Citizenship and Immigration Service ("USCIS") that her marriage with Mshihiri was a sham intended to procure immigration benefits for Mshihiri. The two eventually divorced.

As a condition of his visa, Mshihiri was required to be a full-time student. Yet by August 2004 he was no longer enrolled in school. As a result, the Department of Homeland Security ("DHS") commenced removal proceedings, issuing a Notice to Appear ("NTA") in November 2004. Mshihiri later conceded removability.[1] In December 2005, while removal proceedings were pending, Mshihiri married Pamela Wilbourn. Wilbourn filed a new Form I-130, and Mshihiri filed applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Mshihiri had a hearing scheduled for September 2006 for his asylum, withholding of removal, and CAT relief applications. After USCIS approved Wilbourn's Form I-130 on June 27, 2006, Mshihiri moved to re-designate this hearing as one for his application for adjustment of status. The Immigration Judge ("IJ") ordered the parties to be prepared for a hearing on all forms of relief. The IJ also requested that DHS file a copy of Wilbourn's Form I-130 "so the Court can determine

---

[1]Before conceding removability, Mshihiri re-enrolled in school and filed an application with USCIS for reinstatement of his nonimmigrant student status. He filed the application in June 2005. USCIS denied this application because Mshihiri failed to file for reinstatement within 5 months after falling out of status and lacked an explanation for the delay, see 8 C.F.R. § 214.2(f)(16)(i), and also because Mshihiri had engaged in a "sham marriage" with Jean to circumvent the immigration laws.

if the DHS took into consideration the . . . visa petition decision" regarding Mshihiri's marriage to Jean. During the hearing, Mshihiri requested a continuance to present more evidence. The IJ warned Mshihiri that a continuance would permit USCIS to reconsider its approval of Wilbourn's Form I-130, but granted the continuance at Mshihiri's insistence. USCIS revoked the approval of Wilbourn's Form I-130 in March 2007. In doing so, it noted Mshihiri's prior marriage to Jean was "solely to gain immigration benefits."

The final merits hearing on all Mshihiri's requested forms of relief was held on August 22, 2012.[2] Prior to this hearing, the IJ had informed Mshihiri that he needed to follow the "biometric instruction sheet" to get fingerprinted. The IJ explained that if he failed to do so before August 22, the IJ "could deem [Mshihiri's asylum] application abandoned and dismissed."[3] At the hearing, Mshihiri admitted he failed to get fingerprinted. Mshihiri then asked for more time to prepare. When the IJ denied the request, Mshihiri refused to move forward with his applications for asylum, withholding, and CAT relief, stating instead that he was "abstaining from the[] proceedings." Consequently, the IJ ordered Mshihiri removed to Tanzania. In doing so, the IJ found Mshihiri's applications for asylum, withholding, and CAT relief abandoned based on his failure to get fingerprinted as instructed and his lack of diligence in going forward with his claims for relief at the hearing; the IJ thus dismissed these applications. The IJ also pretermitted and denied Mshihiri's

---

[2]The IJ had denied Mshihiri all forms of relief after a hearing in October 2007. On appeal, the hearing transcript could not be located, so the case was set for rehearing. Several continuances were then granted to provide time to appeal the revocation of Wilbourn's Form I-130. The BIA dismissed the appeal in a separate proceeding.

[3]The instruction sheet also stated in bold and italics: "Important: Failure to complete these actions and to follow any additional instructions that the Immigration Judge has given you could result in delay in deciding your application or in your application being deemed abandoned and dismissed by the court."

application for adjustment of status since DHS had withdrawn approval of Wilbourn's Form I-130.

Mshihiri appealed to the BIA, arguing: (1) the IJ was biased against him; (2) the IJ erred in requesting "additional evidence beyond the approval of the [Form] I-130" because it led to its revocation; and (3) the IJ should have granted Mshihiri's August 2006 unopposed motion to re-designate the asylum hearing to a hearing for an adjustment of status. On February 14, 2013, the BIA affirmed the IJ's decision and order of removal, rejecting all three of Mshihiri's arguments ("February 14 order"). Mshihiri then filed a motion to reopen and reconsider the BIA's February 14 order. In it, Mshihiri sought a remand to consider whether he and Jean had a sham marriage so he could pursue his application for adjustment of status. The BIA denied this motion on May 6, 2013 ("May 6 order").

On June 5, 2013, Mshihiri filed a petition for review before this court, seeking review of both the BIA's February 14 and May 6 orders. That same day, Mshihiri filed another motion to reopen and reconsider with the BIA. The BIA denied this motion on July 29, 2013, as untimely and number barred ("July 29 order"). See 8 C.F.R. § 1003.2(b)(2) & (c)(2). Mshihiri did not file a petition for review of the July 29 order. Nevertheless, in his brief on appeal, Mshihiri challenges all three BIA orders.

## II. Discussion

### A. Subject-Matter Jurisdiction

We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal, including motions to reopen and motions for reconsideration of a previous BIA decision. See Hanan v. Mukasey, 519 F.3d 760, 763 (8th Cir. 2008); De Jimenez v. Ashcroft, 370 F.3d 783, 789 (8th Cir. 2004). However, under this provision, "[t]he

petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). "This is not a situation in which we have discretion to waive the filing requirements." White v. INS, 6 F.3d 1312, 1318 (8th Cir. 1993). Rather, "'[t]he timeliness requirement set forth in the INA [for filing a petition for review] is mandatory and jurisdictional.'" Skurtu v. Mukasey, 552 F.3d 651, 658 (8th Cir. 2008) (quoting White, 6 F.3d at 1318). The timely filing of a motion to reopen or reconsider also does not toll the time for appeal of the underlying order. Boudaguian v. Ashcroft, 376 F.3d 825, 827 (8th Cir. 2004) (citing Stone v. INS, 514 U.S. 386, 405–06 (1995)). Mshihiri filed this petition on June 5, 2013—well over 30 days after the BIA's February 14 order. This petition for review cannot provide jurisdiction to review the February 14 order. However, Mshihiri's petition is timely as to the May 6 order.[4] Our jurisdiction is thus limited to reviewing the BIA's May 6 order denying Mshihiri's motion to reopen and reconsider.

## B. Motion to Reopen and Reconsider

Mshihiri states the BIA erred in denying his motion to reopen and reconsider. "We review the BIA's decision denying a motion to reopen and reconsider for an abuse of discretion." Quinteros v. Holder, 707 F.3d 1006, 1009 (8th Cir. 2013) (quotation omitted). "The BIA abuses its discretion where it gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record

---

[4]Mshihiri also states in one sentence in his opening brief that he is petitioning for review of the July 29 order. We note first that his petition for review, filed on June 5, predates the July 29 order and only mentions the February 14 and May 6 orders. Even if Mshihiri's petition for review could grant us jurisdiction over the July 29 order, we decline to review this order as Mshihiri did not offer any "meaningful argument in [his] opening brief to support [his] claim that the BIA abused its discretion" in deciding that order. Averianova v. Holder, 592 F.3d 931, 935 (8th Cir. 2010).

evidence." Id. (quotation omitted). Much of Mshihiri's brief on appeal is devoted to how the BIA erred in its February 14 order by upholding the IJ's denial of relief and order of removal. Yet as mentioned above, our jurisdiction is limited to review of the May 6 order denying Mshihiri's motion to reopen and reconsider. "A motion to reconsider contests the correctness of the original decision based upon the previous factual record," and a motion to reopen "seeks a new hearing based on new or previously unavailable evidence." In re O-S-G-, 24 I. & N. Dec. 56 (BIA 2006); see also 8 C.F.R. § 1003.2(b)(1) & (c)(1).

A motion to reconsider must identify "errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b). Here, Mshihiri argued in his motion to reconsider that his prior marriage to Jean was not a sham and that USCIS's revocation of Wilbourn's Form I-130 was in error. In short, Mshihiri disagrees with USCIS's decision to revoke approval of Wilbourn's Form I-130. That revocation decision was not before the IJ on August 22, 2012, nor was it before the BIA on appeal of the IJ's removal order. Consequently, Mshihiri did not point to any legal or factual errors in the BIA's February 14 order, and the BIA did not abuse its discretion in denying the motion.

The BIA also did not abuse its discretion in denying Mshihiri's motion to reopen. A motion to reopen must present new evidence that "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). "The Supreme Court has noted at least three independent grounds on which the BIA may deny a motion to reopen: (1) failure by the movant to establish a prima facie case for the underlying substantive relief sought; (2) failure by the movant to introduce previously unavailable, material evidence; or (3) a determination the movant would not be entitled to the discretionary relief sought." Poniman v. Gonzales, 481 F.3d 1008, 1011 (8th Cir. 2007). The only documentation Mshihiri submitted with his motion was an affidavit Jean signed in March 2006 stating that USCIS threatened her into withdrawing her Form I-130. This affidavit

had been given to USCIS in 2006 in response to a notice of intent to revoke the approval of Wilbourn's Form I-130. It was thus available six years before the final hearing before the IJ. And even if this evidence was in some way new, it is insufficient to support Mshihiri's eligibility for adjustment of status: Mshihiri does not have an approved Form I-130 warranting that relief. See 8 U.S.C. § 1255(a) (detailing the eligibility requirements for adjustment of status); see also 8 C.F.R. § 204.2(a)(1)(ii); 8 C.F.R. § 245.2(a)(2)(i)(A)–(B). Again, Mshihiri may disagree with USCIS's decision to revoke approval of Wilbourn's Form I-130, but that decision was not before the IJ and was not before the BIA in its February 14 order. Consequently, the BIA did not abuse its discretion by denying Mshihiri's motion to reopen.

### C. The IJ's Jurisdiction

In an untimely reply brief Mshihiri further contends that the NTA was prematurely issued and the IJ consequently lacked jurisdiction to order removal in this case. We grant Mshihiri's motion for leave to file this reply brief and accompanying addendum out of time. Nevertheless, even after considering this brief, we are unpersuaded by his argument. According to Mshihiri, DHS could not issue an NTA until after the five-month window in which Mshihiri could file for reinstatement of student status. See 8 C.F.R. § 214.2(f)(16)(i) ("The district director may consider reinstating a student who makes a request for reinstatement" if he, inter alia, "[h]as not been out of status for more than 5 months at the time of filing" and "[i]s not deportable on any ground other than [8 U.S.C. § 1227(a)(1)(C)(i)]."). This provision does not prohibit DHS from initiating removal proceedings once someone has fallen out of status. See 8 U.S.C. § 1227(a)(1)(C)(i) ("Any alien who was admitted as a nonimmigrant and who has failed to maintain the nonimmigrant status in which the alien was admitted . . . or to comply with the conditions of any such status, is deportable."). And even if Mshihiri was not removable during this five-month period, he has failed to explain why an NTA issued before he was statutorily removable

-7-

divests an IJ of jurisdiction. <u>See</u> 8 C.F.R. § 1003.14(a) ("Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document [e.g., an NTA] is filed with the Immigration Court by the Service."); <u>see also</u> 8 C.F.R. § 1003.15(b) (outlining the statutory requirements for an NTA). Mshihiri may have disputed his removability under 8 U.S.C. § 1227, but that does not render the NTA insufficient to vest the IJ with jurisdiction.

## III. Conclusion

Accordingly, we grant Mshihiri's motion to file a reply brief out of time, and deny his petition for review.

_____