# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2352

_____

Pittman Bonard Cheapoo

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 19, 2018
Filed: March 22, 2018
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

An immigration judge (IJ) previously found that Pittman Bonard Cheapoo, a citizen of Liberia, was removable but should be granted cancellation of removal. On March 3, 2017, the Board of Immigration Appeals (BIA) vacated the grant of cancellation of removal and ordered Cheapoo removed from the United States. On March 15, 2017, Cheapoo filed a motion to reopen or reconsider, contending that the

BIA had no legal authority to order his removal and could only remand his case to the IJ. He also expressed his desire to remain in the United States in order to have a relationship with his daughter and claimed, in a conclusory fashion, that removal would cause her emotional difficulties and financial hardship. On May 30, 2017, the BIA found that neither reopening nor reconsideration was warranted and denied Cheapoo's motion. Cheapoo filed the instant petition for review on June 8, 2017, stating that he was appealing the BIA's decision that vacated the IJ's grant of cancellation of removal and ordered him removed. Cheapoo's brief in this court likewise is devoted to expressing his disagreement with the agency's March 2017 decision.[1]

Because Cheapoo did not timely petition for review of the March 3, 2017, decision, this court's jurisdiction is limited to reviewing the BIA's May 30, 2017, order denying his motion to reopen or reconsider. See 8 U.S.C. § 1252(b)(1) (petition for review must be filed within 30 days of final order of removal); Mshihiri v. Holder, 753 F.3d 785, 788-89 (8th Cir. 2014) (court has jurisdiction under 8 U.S.C. § 1252 to review final orders of removal, including motions to reopen and for reconsideration of previous BIA decision; timely filing of motion to reopen or reconsider does not toll time for appeal of underlying order). We conclude that the BIA did not abuse its discretion by denying Cheapoo's motion to reopen or reconsider. See Mshrihiri, 753 F.3d at 789 (standard of review).

The petition for review is denied. See 8th Cir. R. 47B.

_____

---

[1]Cheapoo's motion to proceed in forma pauperis is granted.