# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1542
_____

Lesbia Nineth Perez-Cazun; Fherdy Jair Monzon-Perez

*Petitioners*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 17, 2018
Filed: April 17, 2019
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

The question presented in this case is whether the Board of Immigration Appeals abused its discretion when it refused to reconsider its decision or reopen the proceedings when asked to do so by Lesbia Perez-Cazun and her young son, Fherdy Monzon-Perez, who were seeking asylum, withholding of removal, and relief under

the Convention Against Torture. We conclude that it did not and accordingly deny their petition for review.[1]

After Lesbia and Fherdy entered the United States in 2015, they were detained by U.S. Border Patrol agents and placed in removal proceedings. They requested relief on the ground that, if they returned to their home country of Guatemala, they would face persecution on account of Lesbia's membership in two "particular social group[s]": the Perez-Cazun family and Guatemalan women who could not leave physically abusive relationships. 8 U.S.C. § 1101(a)(42)(A); *see also id.* §§ 1158(b)(1)(A), 1231(b)(3)(A); 8 C.F.R. §§ 1208.16(c), 1208.18.

Lesbia and Fherdy did not receive relief, despite Lesbia's testimony that gang members and her former domestic partner had threatened her. The immigration judge identified several problems with their applications, including the fact that Lesbia had not testified credibly. Lesbia and Fherdy appealed to the Board, which affirmed the immigration judge's decision.

Rather than file a petition for review with us, Lesbia and Fherdy first sought relief from the Board by filing a motion seeking either reconsideration of the Board's decision or reopening of the proceedings. The Board denied the motion, after which Lesbia and Fherdy finally filed a petition for review, but only of the Board's decision to deny their motion.[2]

---

[1]For the first time in their reply brief, and later in supplemental briefing, Lesbia and Fherdy raised what they claimed was a jurisdictional problem. After considering the matter carefully, we are confident that we have jurisdiction to decide their petition for review. *See* 8 U.S.C. § 1252.

[2]Lesbia and Fherdy ask us to review the immigration judge's credibility determination, but this issue is not before us. *See Boudaguian v. Ashcroft*, 376 F.3d 825, 827–28 (8th Cir. 2004). To have us consider this aspect of the immigration judge's decision, they should have filed a petition for review from the Board's original decision. *See id.*

The first type of relief they sought, reconsideration, required them to "specify the errors of law or fact in the" Board's decision that deserved a second look. 8 U.S.C. § 1229a(c)(6)(C). We review the Board's decision on a motion for reconsideration for an abuse of discretion. *Mshihiri v. Holder*, 753 F.3d 785, 789 (8th Cir. 2014). "The [Board] abuses its discretion [when] it gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence." *Id.* (citation omitted).

The Board denied reconsideration because their motion merely echoed the arguments that the Board had already considered and rejected, including whether the immigration judge should have credited Lesbia's testimony. As we have recognized, a motion for reconsideration "must give the Board a reason for changing its mind, something [it] has no reason to do if the motion merely republishes the reasons that had failed to convince [it] in the first place." *Gomez-Gutierrez v. Lynch*, 811 F.3d 1053, 1060 (8th Cir. 2016) (internal quotation marks, brackets, and citation omitted). The Board did not abuse its discretion in concluding that the motion presented nothing new for it to consider. *See Boudaguian v. Ashcroft*, 376 F.3d 825, 828 (8th Cir. 2004).

A motion to reopen is a little different. Instead of specifying errors in the Board's decision, it must identify "material" evidence that "was not available and could not have been discovered or presented at the [earlier] hearing." 8 C.F.R. § 1003.2(c)(1). We review the Board's denial of a motion to reopen, like a motion for reconsideration, for an abuse of discretion. *See Alva-Arellano v. Lynch*, 811 F.3d 1064, 1066 (8th Cir. 2016); *Mshihiri*, 753 F.3d at 789.

Lesbia and Fherdy included two documents with their motion. The first was a 2017 U.S. State Department report describing the presence of violence in Guatemala. The second was a declaration from a psychiatrist that explained how victims of trauma can struggle to remember details. Neither document justified

reopening the proceedings, according to the Board, because the report was not "material" and the declaration was not new. *See* 8 C.F.R. § 1003.2(c)(1).

Even though the report portrayed Guatemala as a dangerous country, it would have added little to the record. After all, the record already contained a similar, earlier report describing the conditions in Guatemala. Under the circumstances, the Board did not abuse its discretion in concluding that the 2017 report would not have "change[d] the result." *See Alanwoko v. Mukasey*, 538 F.3d 908, 913 (8th Cir. 2008) ("[T]he petitioner has the burden of establishing that if the motion [to reopen] is granted, the new evidence would likely change the result of the proceedings.").

Nor did the Board abuse its discretion in concluding that the declaration was not "new." To be sure, the declaration was created after the immigration judge's decision. But it relied on studies that were published years earlier—before Lesbia and Fherdy requested relief—and could have been discovered previously. So the Board acted well within its discretion when it refused to reopen the record on this ground, too. *See Alva-Arellano*, 811 F.3d at 1067–68 (stating that, for a motion to reopen, the movant bears the "burden to demonstrate that the evidence was previously unavailable" or could not have been discovered earlier "by the exercise of due diligence" (citation omitted)).

The petition for review is accordingly denied.

_____