# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2442
_____

Guadalupe Rodriguez de Henriquez, et al.

*Petitioner*s

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: June 11, 2019
Filed: November 5, 2019

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Petitioners Ronal Henriquez Argueta, his wife, and two of their children, citizens of Honduras, entered the United States and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The immigration judge (IJ) denied relief after a hearing. The Henriquezes appealed to the Board of Immigration Appeals (BIA), which dismissed their appeal in December 2017. The Henriquezes then filed a motion to reopen or reconsider, which the BIA

denied in June 2018. They now petition for review of the BIA's denial of their motion to reconsider. We deny the petition for review.

**A.** Petitioners first argue the IJ lacked jurisdiction over their removal proceedings because the proceedings commenced with notices to appear that did not specify the date or time of their removal hearings. The argument is based on the Supreme Court's recent decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018). In Pereira, the Court held that a notice to appear "that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule" that governs applications for cancellation of removal under 8 U.S.C. § 1229(b)(1). Id. at 2110. We recently rejected petitioners' argument, joining "the BIA and a unanimous chorus of other circuits" in concluding that the Attorney General's regulations, which govern when jurisdiction vests, provide that a notice to appear "need only provide the time, place, and date of the initial removal hearing 'where practicable.'" Ali v. Barr, 924 F.3d 983, 986 (8th Cir. 2019), quoting 8 C.F.R. § 1003.18(b). We are bound by this prior panel decision. Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc).

**B.** Petitioners next argue the BIA abused its discretion in denying their motion to reconsider. A motion to reconsider addresses the merits of the BIA's initial decision. It must be filed within thirty days, "specify[] the errors of fact or law in the prior Board decision," and "be supported by pertinent authority." 8 C.F.R. § 1003.2(b). The filing of a motion to reconsider does not toll the time for appeal of the underlying order. Stone v. I.N.S., 514 U.S. 386, 390 (1995). Therefore, as petitioners did not file a timely petition for review of the final order of removal, our jurisdiction is limited to reviewing the order denying their motion to reconsider for abuse of discretion. See Boudaguian v. Ashcroft, 376 F.3d 825, 827 (8th Cir. 2004).

In reviewing that order, "we may consider the validity of the underlying asylum decision without exercising jurisdiction over that decision or considering it on the

merits." Sukhov v. Gonzales, 403 F.3d 568, 571 (8th Cir. 2005). The distinction is significant because the abuse of discretion standard "is considerably more deferential." Esenwah v. Ashcroft, 378 F.3d 763, 765 (8th Cir. 2004), cert. denied, 544 U.S. 962 (2005). "The BIA does not abuse its discretion if it refuses to reconsider the very arguments it has already rejected." Strato v. Ashcroft, 388 F.3d 651, 655 (8th Cir. 2004). Rather, the BIA "abuses its discretion where it gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence." Mshihiri v. Holder, 753 F.3d 785, 789 (8th Cir. 2014) (citation omitted). "Any other level of review would encourage aliens to improperly prolong the removal process by filing motions to reconsider, instead of petitioning for immediate judicial review of an initial adverse decision." Esenwah, 378 F.3d at 765 (quotation omitted).

In their motion to reconsider, petitioners argued the BIA erred in not addressing their claim that the IJ failed to make a finding regarding past persecution; erred by accepting the IJ's erroneous finding that Ronal's membership in a particular social group (his family) was not "one central reason" for his persecution by Mara 18 gangsters; erred by "mischaracterizing and ignoring" facts such as the location of other family members and the significance of police reports regarding the gangsters' threats and violence against Ronal and his brothers; and erred by "cherry picking" Ronal's credible fear interview at the border. They further argued that the IJ erred in denying their CAT claim because substantial evidence does not support the finding that the government of Honduras is not unable or unwilling to control criminal gangs. In denying the motion, the BIA stated:

> We find no basis to reconsider our prior decision. We are unpersuaded that we committed an error of fact or law in our prior decision, such that reconsideration would be warranted. . . .

-3-

We are also unpersuaded that we engaged in impermissible fact-finding, "cherry picked" evidence, or improperly analyzed the respondents' claim for protection under the Convention Against Torture. Contrary to the respondents' contention, we find that our analysis of their torture claim is not inconsistent with binding circuit court precedent.

The lengthy briefs supporting the petition for review are almost entirely devoted to arguing the merits of the IJ's removal decision and the BIA's initial decision dismissing their administrative appeal. The IJ and the BIA erred, they argue, in finding they had not established past persecution, in failing to find that family membership was one central reason for the gang's death threats against Ronal and the murder of his two brothers, and in failing to find that the government of Honduras was unable to protect the family from the Mara 18 gang. But we have no jurisdiction to review the merits of the IJ and initial BIA decisions; we review only whether the BIA abused its discretion in denying the motion to reconsider because it relied on impermissible factors or legal error or ignored or distorted the record evidence. The BIA's stated reasons for denying reconsideration, while cryptic, demonstrate that it applied the proper standard and considered petitioners' contentions. Motions to reconsider are disfavored, and the BIA does not abuse its discretion in summarily refusing to reconsider arguments it has already rejected. Our careful review of the IJ's lengthy decision denying relief and the BIA's initial decision persuade us that the BIA did not abuse its discretion in denying the motion to reconsider.

**C.** Petitioners separately argue that the BIA erred in denying reconsideration of their CAT claim because the IJ and the BIA committed legal error in analyzing the claim. The Attorney General's regulations implementing the CAT provide that petitioners must prove it is more likely than not that, if removed to Honduras, they would be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). We have construed "acquiescence" as including acts of officials,

"including low-level ones, even when those officials act in contravention of the nation's will." Ramirez-Peyro v. Holder, 574 F.3d 893, 901 (8th Cir. 2009). Here, citing our decision in Ramirez-Peyro, the IJ denied petitioners' CAT claim because "[t]he fact that the Honduran government has not successfully ended the threat posed by gang violence is insufficient to establish that the torture would be with the consent or acquiescence of a government official." Petitioners argue the IJ and the BIA applied the wrong legal standard because Ronal testified that, three years after his brother Milton reported Mara 18 extortion to the police, Mara 18 members threatened to kill the four brothers because the gang had learned of Milton's complaint through their police connections.

Petitioners did not make this argument in their motion for reconsideration to the BIA, nor was the issue addressed in the BIA's initial decision. But even if not forfeited, the argument is based on a superficial reading of the CAT regulations, which carefully define "acquiescence" as requiring proof "that the public official, prior to the activity constituting torture, have awareness *of such activity* and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7) (emphasis added). Here, Ronal's testimony raised a strong inference that the Mara 18 gang gained improper access to Milton's complaint to the police, but there is no evidence that a police official provided this information to the gang, was aware that this act would result in torture, and thereafter breached his "legal responsibility to intervene to prevent such activity." Thus, the BIA did not commit legal error or abuse its discretion when it denied petitioners' motion to reconsider the denial of CAT relief; its analysis of their torture claim is not inconsistent with our binding precedent.

For the foregoing reasons, we deny the petition for review.

_____