# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 20-2250

———————————————

Domingo Osorio Velasquez; Julia Camaja-Santiago; Cristian Tomas
Osorio-Camaja; Jonathan Francisco Osorio-Camaja

*Petitioner*s

v.

Monty Wilkinson, Acting Attorney General of the United States[1]

*Respondent*

———————

Petition for Review of an Order of the
Board of Immigration Appeals

———————

Submitted: January 27, 2021
Filed: February 16, 2021
[Unpublished]

———————

Before KELLY, MELLOY, and GRASZ, Circuit Judges.

———————

PER CURIAM.

———————————————

[1]Monty Wilkinson is now Acting Attorney General of the United States, and
is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Guatemalan citizen and native Domingo Osorio Velasquez, individually and on behalf of his spouse and minor sons, petitions for review of an order of the Board of Immigration Appeals (BIA). The BIA dismissed his appeal from an immigration judge's decision, which denied his request to terminate the proceedings based on Pereira v. Sessions, 138 S. Ct. 2105 (2018), and denied him asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[2]

As an initial matter, this court has already considered and rejected the argument Velasquez makes, based on Pereira, that an immigration court lacks jurisdiction over removal proceedings when a Notice to Appear fails to designate a date or time for a hearing. See Ali v. Barr, 924 F.3d 983, 985-86 (8th Cir. 2019) (concluding that Pereira decided a "narrow" issue relating to the stop-time rule for cancellation of removal and "had nothing to say" about when an immigration judge obtains jurisdiction over removal proceedings; jurisdiction vests when a charging document (such as a Notice to Appear) is filed with the immigration court; and a Notice to Appear need only provide time, place, and date information "where practicable" under 8 C.F.R. § 1003.18(b)). We are bound by that decision. See Rodriguez de Henriquez v. Barr, 942 F.3d 444, 446 (8th Cir. 2019).

After careful review, we further conclude that substantial evidence supports the agency's decision to deny Velasquez's asylum application, because a reasonable fact finder could conclude he failed to demonstrate past persecution or a well-founded fear of persecution on account of his indigenous identity. See Garcia-Milian v. Lynch, 825 F.3d 943, 945 (8th Cir. 2016) (standard of review). We therefore do not need to

---

[2]Because Velasquez's wife's and children's asylum applications are derivative of Velasquez's application, all references are to Velasquez. See 8 U.S.C. § 1158(b)(3)(A) (spouse and child may be granted asylum if accompanying principal noncitizen was granted asylum). There are no derivative benefits for withholding of removal or CAT relief. See Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam).

reach Velasquez's arguments regarding relocation and the government's ability or willingness to protect him. See Gonzalez Cano v. Lynch, 809 F.3d 1056, 1059 (8th Cir. 2016). Finally, we conclude that substantial evidence supports the agency's denial of withholding of removal and CAT relief. See Martin Martin, 916 F.3d at 1145 (reiterating that an applicant who fails to establish eligibility for asylum necessarily cannot meet the more rigorous standard of proof for withholding of removal); Ming Ming Wijono v. Gonzales, 439 F.3d 868, 874 (8th Cir. 2006) (concluding that the denial of asylum and withholding of removal dictates the same outcome on a CAT claim when the claims are based on the same underlying facts).

Accordingly, we deny the petition for review.

_____