# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-3055
_____

Alicia Chitic-Pol; Andy Chitic-Pol

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 5, 2021
Filed: April 8, 2021
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Guatemalan native and citizen Alicia Chitic-Pol, individually and on behalf of her minor son Andy Chitic-Pol, petitions for review of an order of the Board of

_____

[1]Merrick B. Garland is serving as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Immigration Appeals (BIA), which dismissed her appeal from an immigration judge's (IJ's) decision denying her motion to terminate the proceedings based on Pereira v. Sessions, 138 S. Ct. 2105 (2018), and denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[2]

As a preliminary matter, this court's precedent forecloses Chitic-Pol's argument, based on Pereira, that the immigration court never acquired jurisdiction over her proceedings because her Notice to Appear (NTA) was deficient. See Ali v. Barr, 924 F.3d 983, 985–86 (8th Cir. 2019) (concluding that Pereira decided a "narrow" issue relating to the stop-time rule for cancellation of removal and "had nothing to say" about when an IJ obtains jurisdiction over removal proceedings; jurisdiction vests when a charging document (such as an NTA) is filed with the immigration court; and an NTA need only provide time, place, and date information "where practicable" under 8 C.F.R. § 1003.18(b)); accord Rodriguez de Henriquez v. Barr, 942 F.3d 444, 446 (8th Cir. 2019).

Having carefully considered the record, even assuming that Chitic-Pol's proposed particular social groups were cognizable, we conclude the agency properly denied relief, see Njong v. Whitaker, 911 F.3d 919, 922–23 (8th Cir. 2018) (standard of review). Specifically, the events Chitic-Pol described did not amount to past persecution. See Cano v. Barr, 956 F.3d 1034, 1039 (8th Cir. 2020) (reiterating that persecution is an extreme concept that involves infliction or credible threat of death, torture, or injury, and excludes low-level intimidation and harassment); Al Yatim v. Mukasey, 531 F.3d 584, 588–89 (8th Cir. 2008) (explaining that difficulties resulting

---

[2]Because Andy's asylum application is derivative of his mother's, all references are to his mother. See 8 U.S.C. § 1158(b)(3)(A) (child may be granted asylum if accompanying principal noncitizen was granted asylum). There are no derivative benefits for withholding of removal or CAT relief. See Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam).

from generalized violence or crime typically do not qualify as persecution). A reasonable fact finder could conclude, moreover, that Chitic-Pol failed to demonstrate an objectively reasonable fear of future persecution because she had no contact with her alleged abuser after 2013, she presented no competent evidence that masked aggressors who once entered her home were still interested in her whereabouts, and her family members remained unharmed in Guatemala. See Lemus-Arita v. Sessions, 854 F.3d 476, 482 (8th Cir. 2017) (explaining that a noncitizen must demonstrate objective reasonableness through credible, direct, and specific evidence that a reasonable person in the noncitizen's position would fear persecution; a lapse in time after threats renders fear speculative and objectively unreasonable); Krasnopivtsev v. Ashcroft, 382 F.3d 832, 839 (8th Cir. 2004) (concluding that the reasonableness of feared persecution is diminished when family members remain unharmed in native country). Finally, substantial evidence supports the agency's denial of withholding of removal and protection under the CAT. See Guled v. Mukasey, 515 F.3d 872, 881–82 (8th Cir. 2008) (concluding that a noncitizen who does not meet the standard for asylum cannot meet the more rigorous clear probability standard for withholding of removal); Ming Ming Wijono v. Gonzales, 439 F.3d 868, 874 (8th Cir. 2006) (explaining that the denial of asylum and withholding of removal dictates the same outcome on a CAT claim when the claims are based on the same underlying facts).

Accordingly, we deny the petition for review.

_____