# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3535
_____

Solomon Wanyoike Nganga

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: December 15, 2023
Filed: April 1, 2024
[Unpublished]
_____

Before ERICKSON, MELLOY, and STRAS, Circuit Judges.
_____

PER CURIAM.

The Board of Immigration Appeals refused to reconsider or reopen Solomon Nganga's case. We deny his petition for review.

I.

Nganga, a citizen of Kenya, arrived in the United States in 2005 on an F-1 student visa. Four years after his visa expired, immigration agents took him into custody. *See* 8 U.S.C. § 1227(a)(1)(C)(i) (allowing the removal of nonimmigrant aliens who violate their conditions of admission). At his first removal hearing, Nganga conceded that he was removable.

Years of delays and continuances followed. At Nganga's final hearing, which took place five years after the proceedings began, he requested another continuance because he had a new girlfriend, who was a United States citizen. *See* 8 C.F.R. § 1003.29 (providing that an "immigration judge may grant a . . . continuance for good cause shown"). This time, the immigration judge denied the request, declared he was removable, and ordered him to leave the country.

In Nganga's appeal to the Board, he argued that he should have received the extra time. If he had, the immigration judge would have known more, including that his girlfriend, whom he married, had filed a petition on his behalf. Unconvinced, the Board dismissed the appeal.

Nganga's next move was to file a motion for reconsideration and reopening of the case based on two additional facts: the birth of a child and his wife's health difficulties. After the Board denied the motion, Nganga filed a petition for review with us. Based on its timing, the only issue before us is whether the Board abused its discretion in refusing to reconsider its decision or reopen the proceedings. *See Mshihiri v. Holder*, 753 F.3d 785, 788–89 (8th Cir. 2014).

II.

The Board did not abuse its discretion in denying reconsideration. *See* 8 C.F.R. § 1003.2(b)(1) (requiring a motion to reconsider to identify "the errors of fact or law in the prior Board decision"). The standard for a continuance is good

cause. *See id.* § 1003.29. And here, having a new girlfriend, which was the only new information the immigration judge had at the time, did not provide good cause for one. *See Pacheco-Moran v. Garland*, 70 F.4th 431, 440 (8th Cir. 2023) (explaining that it is not an abuse of discretion for an immigration judge to deny a continuance based on a "merely speculative" claim that an alien's immigration status will change). Apart from that fact, there was nothing to reconsider, given that the Board had already rejected "the very arguments" Nganga was making. *Rodriguez de Henriquez v. Barr*, 942 F.3d 444, 447 (8th Cir. 2019) (citation omitted).

The Board also did not abuse its discretion in refusing to reopen the proceedings. This type of relief is available only when "the evidence is of such a nature that . . . if proceedings before the [immigration judge] were reopened, . . . the new evidence would likely change the result." *Caballero-Martinez v. Barr*, 920 F.3d 543, 548 (8th Cir. 2019) (citation and emphasis omitted).

Although additional difficulties had arisen in Nganga's life since his appeal to the Board, they would not have changed the result. Years earlier, he had falsely claimed United States citizenship on an I-9 form, which made him permanently "ineligible to receive [a] visa[] [or] . . . be admitted to the United States." 8 U.S.C. § 1182(a)(6)(C)(ii)(I); *see Downs v. Holder*, 758 F.3d 994, 996 n.1 (8th Cir. 2014) (explaining that this is "a permanent bar on reentry into the United States"). Even now, Nganga does not deny making the false statement. *See Kirong v. Mukasey*, 529 F.3d 800, 804 (8th Cir. 2008) (placing the burden on the alien "to prove clearly and beyond doubt that he did not make a false claim of United States citizenship").

Rather, he disputes its legal significance. First, relying on *Mayemba v. Holder*, Nganga's position is that he made a different false claim, one informing an employer that he was a "national of the United States." 776 F.3d 542, 545 (8th Cir. 2015) (citation omitted); *cf.* 8 U.S.C. § 1182(a)(6)(C)(ii)(I) (applying only to false claims of *citizenship*). Unfortunately for him, the plain language of the I-9 form he

signed said otherwise. *See Etenyi v. Lynch*, 799 F.3d 1003, 1008 (8th Cir. 2015) (interpreting an I-9 form).

Second, he argues that the Board could not have considered his false statement without engaging in "improper factfinding." Although it is true that the immigration judge never made a finding on the false statement, the Board can "take administrative notice" of "[u]ndisputed facts contained in the record."[1] *See* 8 C.F.R. § 1003.1(d)(3)(iv)(A)(4). And here, Nganga never challenged the authenticity of the I-9 form, even though it had been part of the administrative record for years and the government had repeatedly referenced it in its briefing. Relying on it to deny reopening was not an abuse of discretion.

III.

We accordingly deny the petition for review.

_____

---

[1]The Board also did not violate due process when it relied on Nganga's false statement to deny relief. There is, after all, no "constitutionally[ ]protected liberty interest at stake" in "discretionary [immigration] relief." *Vargas v. Holder*, 567 F.3d 387, 391 (8th Cir. 2009) (citation omitted); *accord Robles v. Garland*, 23 F.4th 1061, 1065 (8th Cir. 2022); *Baker White v. Wilkinson*, 990 F.3d 600, 605 (8th Cir. 2021).